IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 5:19-CR-50077-001 |
| | ) | |
| COLE COLEMAN | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Currently before the court is Petitioner Cole Coleman's ("**Mr. Coleman**") *pro se* Motion for Compassionate Release. (Doc. 97). The Government has responded. (Doc. 100). Pursuant to the provisions of 28 U.S.C. § 6636(b)(1) and (3), this matter was referred to the undersigned for the purposes of making a Report and Recommendation. For the reasons explained below, the Court recommends the Motion be **DENIED** as Mr. Coleman is not currently entitled to compassionate release.

**I.   BACKGROUND**

On August 16, 2019, Mr. Coleman and his mother, Stephanie Coleman, were indicted by a grand jury in the Western District of Arkansas, with various drug trafficking offenses. (Doc. 100). Mr. Coleman's drug-trafficking activities were uncovered in April of 2019, when investigations found several controlled purchases of methamphetamine linked to Mr. Coleman and his associates. *Id.* These findings culminated in Mr. Coleman's federal arrest on September 11, 2019, while he was in the custody of the Benton County Jail, serving a parole violation. (Doc. 100).

On November 22, 2019, Mr. Coleman pleaded guilty to the offense of conspiring to knowingly distribute heroin in violation of 21 U.S.C. §§ 841(a)(1) and 846. *Id.* As part of his plea agreement, the Government dismissed the remaining counts of his Indictment. *Id.*

In Mr. Coleman's final Presentence Investigation Report, he was accountable for 157.5 grams of heroin, which resulted in a base offense level of 24. *Id.* After accepting responsibility for the offense, his offense level was reduced to 21. *Id.* Due to Mr. Coleman's category V criminal history, his guideline range was 70-87 months imprisonment. *Id.* Applying the factors under § 3553(a), United States District Judge Timothy L. Brooks sentenced Mr. Coleman to 87 months in prison followed by three years of supervised release. (Doc. 100).

On May 23, 2023, Mr. Coleman filed the instant Motion seeking compassionate release pursuant to § 603 of the First Step Act and 18 U.S.C. § 3582(c)(1)(A). (Doc. 97). Mr. Coleman is currently 32 years old with a BOP projected release date of November 2025. (Doc. 100).

## II.   MR. COLEMAN'S MOTION FOR COMPASSIONATE RELEASE

Mr. Coleman's Motion alleges that (1) he has served in excess of 60% of his sentence while maintaining an exemplary prison record and participating in numerous prison programs; (2) his family is experiencing serious medical difficulties, and there is no hope for his mother, grandmother, sister or son unless he returns home to take care of them; and (3) if he is released, he will pose no danger to the community as he plans on spending all of his time taking care of his sick family members. (Doc. 97).

## III.   UNITED STATES' RESPONSE

The United States argues Mr. Coleman's Motion should be denied because (1) Mr. Coleman failed to exhaust his administrative remedies; (2) Mr. Coleman failed to establish extraordinary and compelling reasons that constitute compassionate release under § 3582(c)(1)(A)(i); and (3) Mr. Coleman should not be released after consideration of U.S.S.G. § 1B1.13(2) as he is a potential danger to the community. (Doc 100).

## IV. THE FIRST STEP ACT

Under the First Step Act, a court can modify a term of imprisonment when (1) the defendant has fully exhausted all administrative remedies to appeal a failure of the Bureau of Prisons ("**BOP**") to bring a Motion on the defendant's behalf, or a lapse of 30 days from receipt of such a request by the warden of the facility; and (2) there are extraordinary and compelling reasons that warrant such a sentence reduction. 18 U.S.C. § 3582 (C)(1)(A). Furthermore, the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or Rule 35 of the Federal Rules of Criminal Procedure. 18 U.S.C. § 3582 (C)(B)(2).

**1. Exhaustion of Administrative Remedies or Lapse of 30 Days from Receipt of Request by the Facility Warden**

The First Step Act's exhaustion of all administrative remedies or 30-day lapse from receipt of request requirement is a "mandatory claim-processing rule" that "must be enforced so long as the opposing party raises it." *United States v. Houck*, 2 F. 4th 1082, 1084 (8th Cir. 2021). Therefore, when opposing parties properly raise the petitioner's failure to either exhaust all administrative remedies or wait 30 days before filing a Motion, courts dismiss compassionate release motions without prejudice. *Id.*

The United States raised the mandatory exhaustion principle stating that Mr. Coleman's Motion should be denied on the basis that "Coleman does not reference any attempt to pursue his administrative rights under, and as required by § 3582(c)(1)(A)." (Doc. 100 at *3). Although the United States may be correct, the governing law provides Petitioner the option of exhausting all his administrative remedies, *or* relying upon a lapse of 30 days from receipt of request by the facility warden. *Houck*, 2 F. 4th at 1084.

Here, Mr. Coleman has provided the Court the receipt of his request to the warden of his correctional facility. (Doc. 97-1). Mr. Coleman's request is dated April 2, 2023, and his Motion was filed on May 23, 2023. *Id.* Thus, the Court finds Mr. Coleman's Motion survives the first prong of the First Step Act as it appears to meet the 30-day lapse requirement.

**2.     Extraordinary and Compelling Reasons**

Because Mr. Coleman's Motion survives the first prong of the First Step Act, the Court turns next to a review of the Motion's merits. To grant relief, the Court must find the Petitioner's situation serious enough to constitute extraordinary and compelling reasoning for compassionate release. *United States v. Willis*, 2022 WL 1072890, at *1 (W.D. Ark. April 8, 2022). Historically, courts have found extraordinary and compelling reasons where: (1) a defendant's medical condition such as a "terminal illness" or a condition "substantially diminishes the ability of the defendant to provide self-care within a correctional facility and from which he is not expected to recover"; (2) the defendant is at least 65 years old or experiencing serious deterioration of mental or physical health due to age and has served at least 10 years or 75 percent of his term of imprisonment; or (3) the defendant's family circumstances include either (i) death or incapacitation of the caregiver of defendant's minor child or children, or (ii) death or incapacitation of defendant's spouse or registered partner qualify. For the reasons set forth below, the Court does not view Mr. Coleman's circumstances sufficient to constitute extraordinary and compelling reasons for compassionate release. U.S.S.G. § 1B1.13, 18 U.S.C. § 3582 (C)(1)(A).

**a.  Petitioner Has Served in Excess of 60% of His Sentence While Maintaining an Exemplary Prison Record, and Participating in Numerous Prison Programs**

Mr. Coleman argues that serving more than 60% of his sentence while maintaining an exemplary prison record and participating in numerous prison programs constitute an

extraordinary and compelling reason for compassionate release. (Doc. 97). Mr. Coleman adds that he has completed a Drug Abuse Education Course and has a pattern risk score of medium. *Id.*

As noted above, courts typically do not begin to consider time served as an extraordinary and compelling reason for compassionate release until the Petitioner is at least 65 years old, has served 75% or at least 10 years of his sentence, and is experiencing a serious deterioration in physical or mental health. U.S.S.G. § 1B1.13. The Court commends Mr. Coleman for maintaining an exemplary record and taking his rehabilitation seriously as these actions should assist Mr. Coleman's in successful re-entry. Nevertheless, he is only 32 years old, has served only 60% of a 7-year sentence, and claims no serious deterioration in his own physical or mental health. Therefore, Mr. Coleman's first argument does not present the Court with an extraordinary and compelling reason for a compassionate release sentence reduction.

      **b. Petitioner's Family is Experiencing Serious Medical Difficulties, and There is No Hope for His Mother, Grandmother, Sister, and Son Unless He Returns Home to Take Care of Them.**

Mr. Coleman's second argument is that there is no remaining hope for his family unless he is released to go home and take care of them. (Doc. 97). Mr. Coleman's 50-year-old mother, Stephanie Coleman, and his 14-year-old sister, Felicity, were both diagnosed with hereditary angioedema ("**HAE**"), which is a potentially life-threatening genetic disorder. *Id.* HAE attacks may cause the hands, feet, face, stomach, genital area, and throat to swell drastically for up to 5 days at a time, leaving some victims disabled. *Id.* Mr. Coleman explains that although it may be expensive, this disorder can be treated with medication. (Doc. 97-1 at *18). Additionally, Mr. Coleman argues that his 74-year-old grandmother, Nancy Cole, suffers from a progressive neurological disorder that requires daily assistance from his mother, which compounds his mother's struggles. *Id.* Finally, Mr. Coleman notes that the mother of his 12-year-old son has been

indicted so his son will have to live with these family members who are already severely struggling. (Doc. 97).

The Court can appreciate this family's difficulties and the fact that Mr. Coleman's mother is now challenged not only with the task of caring for herself and her illness but also with several other family members, some who are also ill, and two which are young. There is no evidence, however, suggesting that Mr. Coleman's mother is incapacitated or is otherwise unable to assist these family members. And while the Court does not doubt that Mr. Coleman genuinely wishes to take care of his family, the governing law envisions family situations where there has been (i) death or incapacitation of the caregiver of the defendant's minor child, or (ii) death or incapacitation of the defendant's spouse or registered partner. U.S.S.G. § 1B1.13. Not unsympathetic to the described struggles of Mr. Coleman's family, the Court does not find them to constitute an extraordinary and compelling reason for Mr. Coleman's compassionate release.

### V. PETITONER'S RISK OF ENDANGERING THE COMMUNITY

Even if Mr. Coleman were able to demonstrate extraordinary and compelling reasons for release, he is not a suitable candidate for early release in light of the Section 3553(a) factors which must be considered. In the Court's view, the amount of time spent incarcerated on his charges is insufficient to reflect the seriousness of his offense conduct, to promote respect for the law, and to afford adequate deterrence to those who would seek to engage in similar criminal conduct. Additionally, Mr. Coleman serving only 60% of the sentence would create a disparity with other defendants who have been found responsible in this district for similar conduct.

Mr. Coleman says that if he is released, he will pose no danger to the community or commit additional crimes because he plans on spending all his time taking care of his sick family members.

(Doc. 97). Mr. Coleman adds that a significant factor in his 87-month sentence resulted from his heroin addiction, and while incarcerated, he "has taken a solemn oath not to ever do drugs as it has brought so much pain and suffering to his family." *Id.*

The Court again commends Mr. Coleman's rehabilitation efforts, including his stated intention to avoid future drug use. Even if Mr. Coleman had presented grounds for compassionate release – which he has not – the Court cannot overlook the fact that Mr. Coleman seeks to return home to live with his mother, who was a co-conspirator in his drug trafficking offenses. Additionally, while the Court appreciates that a heroin addiction likely contributed to Mr. Coleman's criminal behavior, returning to the environment that influenced or accommodated his addiction and/or criminal behavior, and under much more dynamic and difficult family circumstances, creates a significant risk of him again endangering the community, whether Mr. Coleman appreciates that risk or not. Mr. Coleman's arguments do not change the Court's assessment in this case.

Thus, in the Court's opinion, a consideration of all the Section 3553(a) factors reflects that Mr. Coleman's sentence was fair and just and that compassionate release is not warranted.

## VI.   RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Mr. Coleman's Motion for Compassionate Release (Doc. 97) be **DENIED** for the reasons stated herein.

**The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are**

reminded that objections must be both timely and specific to trigger de novo review by the district court.

**IT IS SO ORDERED** this 28th day of June 2023.

*Christy Comstock*
**CHRISTY COMSTOCK**
**UNITED STATES MAGISTRATE JUDGE**